UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.J. LENZENHUBER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:23-CV-197 PLC |
| ) | |
| MISONIX, INC. and BIOVENTUS LLC, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff C.J. Lenzenhuber's "Suggestion of Lack of Jurisdiction" [ECF No. 10], "Amended Suggestion of Lack of Jurisdiction" [ECF No. 11], and Motion to Remand [ECF No. 24]. Prior to Plaintiff filing her Motion to Remand, the Court converted Plaintiff's "Suggestion of Lack of Jurisdiction" [ECF No. 10] to a Motion to Remand and Plaintiff's "Amended Suggestion of Lack of Jurisdiction" [ECF No. 11] to an Amended Motion to Remand. [Docket entries for 2/21/2023 for ECF Nos. 10 & 11]. Defendants Misonix, Inc. and Bioventus, LLC oppose remand.

For the following reasons, the Court grants Plaintiff's March 19, 2023 Motion to Remand [ECF No. 24] and denies as moot Plaintiff's February 21, 2023 Motion to Remand [ECF No. 10] and Amended Motion to Remand [ECF No. 11].[1]

**I.  Background**

---

[1] There are four additional motions pending that were filed in the State court proceeding before Defendants removed the action to this Court, including a Motion for Leave to Proceed as a Jane Doe [ECF No. 7], Motion to Vacate/Reset a Motion Hearing Date [ECF No. 9], Motion for Default Judgment [ECF No. 16], and Motion to Dismiss [ECF No. 18]. The Court declines to rule on these motions, leaving their resolution for the State court upon remand.

On February 21, 2022, Plaintiff filed an eight-count petition against Defendants in the Circuit Court of the City of St. Louis alleging discrimination under the Missouri Human Rights Act, unpaid commissions and wages, and workers' compensation retaliation under Missouri's Workers' Compensation Act, RSMo. § 287.780, (the Act). [ECF No. 5] Plaintiff alleged her claims arose under Missouri law and that the "action [was] non-removable [under 28 U.S.C. § 1445(c)] because it raises a claim under the Missouri Workers' Compensation Law." [ECF No. 5, ¶ 5]  On June 30, 2022, Plaintiff served a summons and a copy of the petition on Defendant Bioventus. [ECF No. 1, ¶ 4 & Ex. 1-2, pg. 42-43]  On December 8, 2022, Plaintiff served a summons and a copy of the petition on Defendant Misonix. [ECF No. 1, ¶ 5]

On December 16, 2022, Defendants filed a motion seeking to dismiss six of Plaintiff's claims, including her workers' compensation retaliation claim under the Act. [ECF No. 18] Defendants alleged Plaintiff failed to state a claim under the Act because she did not exercise any rights under the Act, a necessary element of a retaliation claim. [ECF No. 18, 19] Specifically, Defendants argued there was "no possibility for Bioventus to have discriminated on the basis [of Plaintiff's exercise of her rights under the Act]" because Plaintiff's petition "fails to allege she availed herself of medical treatment, filed a workers' compensation claim, or indicated to anyone at Bioventus she intended to file a workers' compensation claim." [ECF No. 19] Defendants alternatively requested that the court sever Plaintiff's workers' compensation claim from her remaining claims. [ECF No. 18 & 19] Within their argument for severance, Defendants asserted that the "implication" of Plaintiff's statement in her petition that the action was non-removable due to her workers' compensation retaliation claim "is that the claim was joined to the matter specifically for the purpose of avoiding removal, which implication is strengthened by the absence of factual support for the claim[.]" [ECF No. 19, fn. 5]

2

Defendants set a hearing on their motion to dismiss for February 15, 2023. [ECF No. 1-2] On February 14, 2023, Plaintiff's counsel filed a motion requesting the hearing be reset after he "began experiencing flu-like symptoms" rendering him unable to "safely travel" to the hearing. [ECF No. 1-2] The State court docket sheet reflects that the February 15th hearing was cancelled. [ECF No. 1-2]

On February 17, 2023, Defendants removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. §1332.[2] [ECF No. 1, ¶14] In the notice of removal, Defendants allege the action is removable because Plaintiff fraudulently joined the workers' compensation retaliation claim in order to avoid federal jurisdiction. [ECF No. 1, ¶¶ 6, fn. 3, 33, 39] Defendants maintain that (1) the "fraudulent nature of Plaintiff's [workers' compensation retaliation claim] is clear because Plaintiff alleged the action was non-removable in her petition and (2) Plaintiff's claim failed as a matter of law because she had not exercised a right under the Act or pled facts

---

[2] In support of diversity jurisdiction, Defendants assert the amount in controversy exceeds $75,000 and there is complete diversity among the parties because Plaintiff is a citizen of Missouri and Defendants are citizens of Delaware and North Carolina. [ECF No. 1, ¶¶ 13-14, 15-18] In the notice of removal, Defendants allege Bioventus, LLC has only one member, Bioventus, Inc, a Delaware corporation "with its principal offices in North Carolina" and "Misonix, Inc. was acquired by Bioventus LLC in October 2021, at which time it became a wholly-owned subsidiary of Bioventus LLC." [ECF No. 1, ¶16] Defendants maintain in their responsive briefing that the requirements for removal have been met, noting that Plaintiff has not disputed "the diversity of the parties[.]" [ECF No. 22, 28]

The Court, however, "may raise the [subject matter jurisdiction] issue…even if the parties do not." Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998). Here, Defendants have not established diversity jurisdiction because neither the pleadings nor the notice of removal establish the citizenship of Defendant Misonix, Inc. Defendants' assertion that Misonix, Inc. became a "wholly-owned subsidiary of Bioventus, LLC" in October 2021 is irrelevant for jurisdictional purposes because a corporation's citizenship is not determined by the citizenship of its stockholders. Instead, a corporation is a citizen of the State where it is incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

Defendants' notice of removal does not set forth Misonix, Inc.'s place of incorporation or its principal place of business. Although Plaintiff's petition alleged that Misonix, Inc "is a New York corporation with a principal place of business in…New York" [ECF No. 5, ¶ 2], Defendants denied these allegations in their answer without explanation.  [ECF No. 8, ¶ 2]  Because the record does not demonstrate Misonix, Inc.'s citizenship, Defendants have failed to establish diversity of citizenship among the parties. Typically, the Court would have issued a show cause order to provide Defendants the opportunity to attempt to cure the deficiency. The Court elected not to do so in this case because amendment of the notice of removal would be futile in light of the Court's finding that Defendants' removal was untimely.

3

showing any alleged exercise of her rights under the Act was a motivating factor in her termination. [ECF No. 1, ¶¶ 33, 34] Defendants contend their removal was timely filed within one year of the commencement of the action as required by 28 U.S.C. §1446(c) [3] because they took "immediate action" to remove the cause before the February 22, 2023 deadline when it became apparent that the hearing on their motion to dismiss could not be rescheduled prior to the expiration of the one-year deadline. [ECF No. 1, ¶¶ 9-11]

Plaintiff moves to remand the case to state court asserting Defendants' removal was untimely for failing to remove the action within 30 days of receiving the pleading because the alleged pleading deficiency is apparent from the initial pleading.[4] [ECF Nos. 24 & 25] Plaintiff requests an award of fees and costs incurred in seeking remand pursuant to 28 U.S.C. § 1447.

Defendants oppose remand, asserting removal was not "mandatory" within 30 days of service because they sought to dismiss Plaintiff's fraudulently joined claim in the state court. [ECF No. 28] Defendants contend that, had the state court dismissed the fraudulently joined workers' compensation claim, "the matter would have been removable under 28 U.S.C. §1446(b)(3), which allows for removal beyond 30 days of the initial service, when a new development in the case

---

[3] Defendants repeatedly misstate in their filings that the one-year statute of limitations for removing actions based on diversity jurisdiction is contained in 28 U.S.C. §1446(b)(3). [ECF No. 1, ¶ 9, 11; ECF No. 28, pg. 5] While this provision was formerly contained in subsection §1446(b), the statute was amended in December 2011 and the provision is now located at §1446(c). Because the 30-day deadline currently contained in § 1446(b)(3) is also potentially applicable in this case, Defendants' misstatements occasionally render their legal arguments for removal unclear. [See ECF No. 1, ¶10 (stating removal is based on §1446(b)(3)), ECF No. 28, pg. 5 (section heading stating "Defendants' Timely Removed This Matter Under 28 U.S.C. §1446(b)(3)" yet predominately arguing that removal was timely because it occurred within a year of the suit's commencement)] In those instances when Defendants' argument specifically invokes the one-year statute of limitations, the Court presumes Defendants intended the one contained in §1446(c).

[4] Plaintiff further contends that: (1) Defendants waived removal by filing a motion to dismiss in state court requesting part of the case to be dismissed with prejudice, (2) there is no "fraudulent joinder" exception to Section 1445's prohibition of removal of workers' compensation claims, and (3) Defendants' fraudulent joinder theory lacks a basis because the workers' compensation retaliation claim was properly joined. [ECF No. 24, 25] In light of the Court's finding that Defendants' removal was untimely, the Court does not address Plaintiff's remaining arguments for remand.

4

makes it removable." [ECF No. 28] Defendants assert the removal was timely because they filed their notice of removal within the one-year deadline under § 1446(c) after it became apparent that the state court would not be able to rule on their motion to dismiss prior to this deadline. [ECF No. 28] Defendants further argue Plaintiff's request for fees and costs should be denied because their basis for removal was objectively reasonable. [ECF No. 28]

## II.     Legal Standard

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a); In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States[.]" 28 U.S.C. §1332(a)(1); OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). Congress has expressly made certain claims nonremovable, including civil actions "arising under the workman's compensation laws" of any State. 28 U.S.C. § 1445(c); Parks v. Barnes-Jewish Hospital, 4:20-cv-1818 MTS, 2021 WL 463516, *1 (E.D. MO Feb. 9, 2021). "If §1445(c) applies, a case is nonremovable even if it presents a federal question or there is diversity." Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995). Workers' compensation retaliation claims brought under RSMo. § 287.780 arise under Missouri's workers compensation law for purposes of applying 28 U.S.C. §1445(c). Id. at 1245-47.

As the removing party, the defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Prempro, 591 F.3d at 620. The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. Id; 28 U.S.C.

5

§ 1447(c).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  Id. (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

### III.  Discussion

1. February 21, 2023 Filings

On February 21, 2023 Plaintiff filed a "Suggestion of Lack of Jurisdiction" [ECF No. 10] and an "Amended Suggestion of Lack of Jurisdiction" [ECF No. 11] arguing the action should be remanded because Defendants' removal was untimely and they waived the right to removal by filing a motion to dismiss in state court.  The Court converted Plaintiff's filings to a Motion to Remand and an Amended Motion to Remand, respectively. [Docket entries for 2/21/2023 for ECF Nos. 10 & 11]  Defendants filed a response to Plaintiff's Amended Suggestion of Lack of Jurisdiction opposing remand. [ECF No. 22] On March 19, 2023, Plaintiff filed a Motion to Remand and a Memorandum in support. [ECF Nos. 24 & 25] Defendants filed another Memorandum in opposition. [ECF No. 28]  Because Plaintiff's March 19, 2023 Motion to Remand supersedes Plaintiff's February 21, 2023 filings, those filing are denied as moot. See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (an amended complaint supersedes an original complaint, rendering it without legal effect).

2. Time for Removal

Plaintiff moves to remand the cause to the state court, arguing Defendants' removal was untimely because the basis of Defendants' claim of fraudulent joinder was apparent from the face of the petition and the notice of removal was not filed within 30 days of service as required by 28 U.S.C. 1446(b)(1). [ECF No. 25]  Specifically, Plaintiff contends Defendants have maintained that Plaintiff's claim under the Act "was facially deficient from the moment they received it[,]" including filing a motion to dismiss on this ground in the state court.  [ECF No. 25]  Plaintiff also asserts that Defendants' removal was not timely under 28 U.S.C. §1446(b)(3) because it was not

6

filed within 30 days of Defendants' receipt of an amended pleadings, motion, order or other paper from which it could first be ascertained that the case had become removable. [ECF No. 25] Specifically, Plaintiff argues the fact that it became clear that the state court would not rule on Defendants' motion to dismiss prior to the expiration of §1446(c)'s one-year deadline for removal cannot be classified as "an amended pleading, motion, order or other paper" from which it could be ascertained that the case had become removable under 28 U.S.C. § 1446(b)(3). [ECF No. 25]

Defendants contend their removal was timely because it occurred within one year of the commencement of the suit in accordance with §1446(c)'s one-year deadline. [ECF No. 28 at 5] Defendants argue §1446(b)(1)'s 30-day deadline for removal after a defendant's receipt of the initial pleading "is inherently more flexible [than the one-year deadline in §1446(c)] and not applicable under these circumstances." [ECF No. 28 at 5] Defendants assert removal was proper here because "the matter would have been removable under 28 U.S.C. § 1446(b)(3), which allows for removal beyond 30 days of the initial service, when a new development in the case makes it removable" and the "unforeseeable last-minute illness [of Plaintiff's counsel] precluded the option to wait for the state court's next available hearing, as it would have been beyond a year since the initial filing of the lawsuit." [ECF No. 28 at 6] Defendants allege they immediately removed after the state court hearing was cancelled, "invoking this Court's clear authority to dismiss the superficially nonremovable claim." [ECF No. 28, at 6] Defendants further assert that Plaintiff is attempting to create an "impermissible procedural obstacle to removal – through inclusion of her fraudulent Retaliation Claim – and then argue that Defendants Removal was both premature and untimely." [ECF No. 28 at 5-6]

28 U.S.C §1446 governs the timeliness of removal and delineates two periods for removal of actions to federal court. The first period is governed by 28 U.S.C. § 1446(b)(1), which requires

7

the defendant to file a notice of removal within 30 days of service or receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). The second period is governed by 28 U.S.C. § 1446(b)(3) and provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant…of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"[A] defendant must file a notice of removal within 30 days of one of the statute's triggering events." Dalton v. Walgreen Co., 721 F.3d 492, 493 (8th Cir. 2013). When a defendant does not remove the action within 30 days of receipt of the complaint, the defendant's "notice of removal is timely only if it was filed within 30 days of [the defendant's] receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is ... removable.'" Id. quoting 28 U.S.C. §1446(b)(3). See also Hinz v. Swisher Hygiene USA Operations, Inc., No. 4:13-CV-1183 (JAR), 2014 WL 520457, at *1 (E.D. Mo. Feb. 7, 2014) (holding §1446(b)(1)'s 30-day time limit is "mandatory" and a timely motion for remand for failing to observe the time limit will be granted); Tripp v. Kline, No. 4:06-CV-01252 (ERW), 2007 WL 844821, at * 3 (E.D. Mo. Mar. 19, 2017) (the §1446(b) time limits are mandatory and a "defendant's right to remove is foreclosed" if he fails to timely file a notice of removal). Additionally, a case removed under §1446(b)(3) on the basis of diversity of citizenship may not be removed more than 1 year after commencement of the action, unless the district court finds the plaintiff acted in bad faith in order to prevent removal. 28 U.S.C. § 1446(c).

Defendants' argument is that their removal was timely because the 30-day deadlines found in §1446(b)(1) and (b)(3) are inapplicable "given the circumstances" and removal occurred within one year of the initiation of the case in compliance with §1446(c). Defendants have not provided

8

any authority supporting their assertion that compliance with the 30-day deadlines in §1446(b)(1) and (b)(3) are discretionary so long as a party complies with the one-year limitation in § 1446(c). Instead, the cases cited by Defendants in support of their argument either examined whether removal was timely under §1446(b)(3) as within 30 days of a development in the case that rendered a previously nonremovable case removable[5] or did not decide the issue of timeliness because the defendant failed to establish jurisdiction.[6] Defendants' argument effectively relegates the statutory deadlines in §1446(b)(1) and (b)(3) to mere suggestions. The Eighth Circuit has made it clear, however, that these provisions are mandatory stating: "a defendant must file a notice of removal within 30 days of one of the statute's triggering events." Dalton, 721 F.3d at 493.

It is equally clear that this did not occur in this case. The last defendant to be served was Misonix on December 8, 2022. [ECF No. 1, ¶ 5] Eight days later, Defendants filed a partial motion to dismiss in the State court in which they asserted that Plaintiff's workers' compensation retaliation claim, as alleged in her petition, failed to state a claim and that "the claim was joined…specifically for the purpose of avoiding removal[.]" [ECF No. 19, fn. 5] Defendants filings in this Court also argue that Plaintiff's alleged fraudulent joinder is apparent from the face of the petition. Specifically, in their notice of removal, Defendants assert that Plaintiff's statement in her petition that the "action is non-removable because it raises a claim under [the Act]" constitutes an "express" or "explicit" statement that the claim was "added to the pleading for the purpose of

---

[5] Parshall v. Menard, Inc., 4:16-CV-828 (CEJ), 2016 WL 3916394, at *2 (E.D. Mo. July 20, 2016) (finding the case became removable under 28 U.S.C. § 1446(b)(3) when defendant received a settlement demand in excess of $75,000, at which time removability became ascertainable); Bristol v. Ford Motor Co., 4:16-CV-01649- JAR, 2016 WL 6277198, at * 3 (E.D. Mo. Oct. 27, 2016) (finding the case did not became removable under 28 U.S.C. §1446(b)(3) until the date Plaintiff settled her case with a party whose citizenship previously prevented removal).

[6] Allen v. Bayer Healthcare Pharmaceuticals, Inc., 4:14-CV-178 CEJ, 2014 WL 655585, at *5-6 (E.D. Mo. Feb. 20, 2014) (finding the defendant failed to establish the requisite amount in controversy to establish diversity jurisdiction).

avoiding removal." [ECF No. 1, ¶ 6, fn. 3] In their response to the motion to remand, Defendants maintain that Plaintiff's workers' compensation retaliation claim is "fundamentally deficient[,]" "fails on its face," presents "no colorable claim," and "is clearly fraudulent based on the facts alleged in the Petition[.]" [ECF No. 28 at 2-5]

While a defendant does not have "a duty to investigate and determine removability where the initial pleading or subsequent document indicates that the right to remove may exist…a defendant must apply a 'reasonable amount of intelligence' to that matter." Bristol, 2016 WL 6277198, *3 (quoting Patrico v. A.W. Chesterton Co., No. 4:14-cv-00338AGF, 2014 WL 2197779, at *3 (E.D. Mo. May 27, 2014)). "[T]he Court must determine 'at what point [defendant] could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court.'" Parshall, 2016 WL 3916394, at *2 (quoting Bachman v. A.G. Edwards, Inc., No. 4:09-CV-00057 (ERW), 2009 WL 2182345, at *3 (E.D. Mo. July 22, 2009) (quoting Stewart v. Mayberry, No. 4:09-CV-0569 (TCM), 2009 WL 1735773, at *2 (E.D. Mo. June 18, 2009)).  If the defendant could have ascertained fraudulent joinder from the face of the plaintiff's complaint, the defendant must remove the cause within 30 days of receipt of the initial pleading. Mercy Health v. Endurance Specialty Insurance, Ltd, 4:20-cv-00415 SRC, 2020 WL 2512210, at * 2 (E.D. Mo. May 15, 2020).

Here, Defendants have steadfastly maintained since receiving Plaintiff's petition in December 2022 that Plaintiff's fraudulent joinder of a claim under the Act was apparent from the face of the petition.  Pursuant to §1446(b)(1), Defendants had 30 days to remove the action to federal court, where they could have brought their allegation of fraudulent joinder and sought dismissal of the claim. See Mercy Health, 2020 WL 2512210, at * 2 (the defendant's successful dismissal of claims against a nondiverse defendant in the state court supported a finding that

10

fraudulent joinder was ascertainable from the face of the complaint); Williams v. Central Transport Int'l, Inc., 4:14-CV-1003 (CEJ), 2014 WL 3687208, at * 2 (E.D. Mo. July 24, 2014) (the defendant's successful dismissal of claims against a nondiverse defendant in the state court supported a finding that fraudulent joinder was ascertainable from the face of the complaint). Instead, Defendants elected to remain in State court and seek the dismissal of several of Plaintiff's claims, including the allegedly fraudulent claim. It was only after it became apparent that they would run afoul of §1446(c)'s one-year limitation on removal that Defendants removed the action and "invoke[ed] this Court's clear authority to dismiss the superficially nonremovable claim." [ECF No. 28] Their attempt to do so, however, is untimely as the removal did not occur within 30 days of receipt of the initial pleading, as required by §1446(b)(1).[7]

    Defendants' contention that Plaintiff is attempting to create an "impermissible procedural obstacle to removal – through inclusion of her fraudulent Retaliation Claim – and then argue that Defendants' Removal was both premature and untimely" is unfounded.  Because Defendants could have ascertained, and did ascertain, fraudulent joinder from the face of Plaintiff's complaint, they could have removed the cause within 30 days of receipt of the initial pleading and raised fraudulent joinder in the federal court. Plaintiff has not argued in this Court that doing so would have been "premature." Instead, Defendants elected to attempt to litigate this issue in the Sstate court, only "invoking this Court's clear authority to dismiss the superficially nonremovable claim" when they ran the risk of running afoul of §1446(c). Ultimately, because Defendants did not remove the case

---

[7] Nor does the record support a finding that Defendants' removal of the action was timely under §1446(b)(3) as within 30 days of receipt of "an amended pleading, motion, order, or other paper" from which it could be first ascertained that the case had become removable. Although Defendants argue that the action "would have been removable" under this provision "[o]nce the [r]etaliation [c]laim was dismissed" by the State court, Defendants removed the action before the State court could rule on their motion to dismiss. Plainly, this non-event, i.e., the absence of a ruling by the State court, did not alter the "removability" of the action and trigger a new 30-day removal deadline under §1446(b)(3).

within 30 days of receipt of the initial pleading, when they could first ascertain fraudulent joinder as a basis for removal, Defendants' Notice of Removal is untimely.

3.  Attorney Fees and Costs

Plaintiff requests the Court award her fees and costs she incurred as a result of Defendants' removal. [ECF No. 24 & 25] Specifically, Plaintiff argues Defendants' removal was objectively unreasonable as it was in clear violation of §1446's 30-day deadlines to remove. Plaintiff contends an award is proper because she filed the suggestions of lack of jurisdiction demonstrating why removal was improper, attached caselaw from this Court, and "repeatedly urged Defendants to understand the law and consent to remand[.]" [ECF No. 25]

Defendants argue Plaintiff's request for fees and costs should be denied because Defendants' basis for removal was objectively reasonable. [ECF No. 28] Specifically, Defendants maintain that Plaintiff's workers' compensation retaliation claim was fraudulently joined and that it was this action that posed the "only original barrier to this Court's jurisdiction[.]" [ECF No. 28]

When remanding an action to the state court, the court may require defendants to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c); Bristol, 2016 WL 6277198, at * 5. "[Section] 1447(c) is not a sanctions rule but merely a fee-shifting statute." Robinson v. Pfizer, Inc., 855 F.3d 893 (8th Cir. 2017). An award of costs and fees under §1447(c) is appropriate when the removing party lacked an "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

The Court retains "discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. Factors to consider in making this determination can include a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction. Id.

12

The record suggests Defendants reasonably believed that Plaintiff's workers' compensation retaliation claim was fraudulently joined to avoid federal jurisdiction but were mistaken as to the process for contesting the joinder within the perimeters of 28 U.S.C. §1446's deadlines. Under the circumstances presented, the Court finds Defendants had an objectively reasonable basis for seeking removal. Plaintiff's request for an award of her fees and costs incurred as a result of Defendants' removal is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's March 19, 2023 Motion to Remand [ECF No. 24] is **GRANTED in part and DENIED in part**. The Clerk of Court is directed to remand this case to the Circuit Court of the City of St. Louis, Missouri. Plaintiff's request for an award of fees and costs incurred as a result of Defendants' removal is denied.

**IT IS FURTHER ORDERED** that Plaintiff's February 21, 2023 Motion to Remand [ECF No. 10] and Amended Motion to Remand [ECF No. 11] are **DENIED** as moot.

                                                PATRICIA L. COHEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of May, 2023