**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| C.J. LENZENHUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:23-CV-197 PLC |
| | ) |
| MISONIX, INC. and BIOVENTUS LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Sealing requesting the Court seal "[e]verything with the Plaintiff's name on it [plus the] entire document." [ECF No. 37] In February 2022, Plaintiff filed an eight-count petition against Defendants in the Circuit Court of the City of St. Louis alleging discrimination under the Missouri Human Rights Act, unpaid commissions and wages, and workers' compensation retaliation under Missouri's Workers' Compensation Act, RSMo. § 287.780. [ECF No. 5]

Approximately one year later, Defendants removed the action to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. §1332. [ECF No. 1] In May 2023, the Court remanded the action to the state court, finding Defendants' removal was untimely. [ECF NO. 36]

Plaintiff states that the case documents are "published online and the Plaintiff's name is searchable[,]" and requests the Court seal "[e]verything with the Plaintiff's name on it [plus the] entire document." [ECF Nos. 37-39] Plaintiff asserts "[t]he case was settled out of court with an NDA" and that publication of the "doc…violate[s] the NDA signed at settlement." [1] [ECF No. 37-39] Plaintiff further contends that the information "prevents Plaintiff from employment." [ECF

---

1 Plaintiff has not provided the Court with the alleged non-disclosure agreement.

No. 37-39]

There is a common-law right of access to judicial records. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).  Although not absolute, there is "a general right to inspect and copy public records and documents, including judicial records and documents[.]" *Id.* quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-98. While the Court has supervisory power over its own records and files, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (citation omitted). *See also Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (presumption of public access may be overcome if the party seeking to seal the records provides compelling reasons to do so).  "In general, a private parties' desire to maintain confidentiality is not enough to overcome the 'long-standing presumption of public access to litigation in the courts.'" *Howard v. Newrez, LLC*, No. 4:21-CV-522 JAR, 2021 WL 2002998, at *2 (E.D. Mo. May 19, 2021) (quoting *CAA Sports LLC. v. Dogra*, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018).  Instead, "[s]ealing documents is generally appropriate when necessary to 'shield victim identities, protect trade secrets, secure matters of national security, honor the rules of sovereign nations, and conceal personal identifying information such as social security numbers or dates of birth.'" *Howard*, 2021 WL 2002998, at *2 (quoting *Dogra*, 2018 WL 6696622, at *1.

Here, Plaintiff seeks to seal "[e]verything" from the case with her name because the information is searchable on the internet. [ECF No. 37-39] Plaintiff contends the "listing" and "publication" of her name violates an NDA and prevents her employment. [ECF No. 37-39] Plaintiff's desire for the case to remain confidential does not outweigh the Court's interest in preserving the common-law right of access to judicial records in civil proceedings. Accordingly, the Court denies Plaintiff's motion for sealing.

In addition, Plaintiff's motion and supporting memorandum does comply with the Court's local rules governing the sealing of documents. Eastern District of Missouri Local Rule 13.05 governs the process for sealing materials and "emphasizes the right of the public to access court materials and requires…careful consideration of the public and private interests affected by sealing court filings." *Long v. Gyrus ACMI, Inc.*, No. 4:18-CV-0004 SEP, 2021 WL 1985054, at *1 (E.D. Mo. May 18, 2021).  Local Rule 13.05 requires the party seeking to seal materials in the record to file: (1) an unsealed motion for sealing, Local Rule 13.05(A)(4)(a); (2) a sealed memorandum in support of the motion, Local Rule 13.05(A)(4)(b); and (3) either a redacted copy of the material for which sealing is requested or a sealed memorandum "explaining the specific reasons for the failure or inability to file" the redacted copy, Local Rule 13.05(A)(4)(c). These identified subsections of Rule 13.05 set forth the specific requirements for these filings.  For example, in regard to the unsealed motion for sealing, Local Rule 13.05(A)(4)(a) provides that the motion must describe generally:

> (i) the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential; (ii) the legal grounds for the sealing; and (iii) the requested duration for the sealing or, if the proponent requests that the material remain sealed indefinitely, the reasons supporting the request.

Local Rule 13.05(A)(4)(a). In addition, the sealed supporting memorandum must "state the specific legal and factual reasons justifying the sealing, with or without sworn factual declarations or affidavits…." Local Rule 13.05(A)(4)(b)(i).

Plaintiff appears to have utilized the Eastern District's "Rule 13.05 Model Forms" available on the Court's website as the basis for her motion and memorandum in support. *See* MOED-0069, "Rule 13.05 Model Forms," https://www.moed.uscourts.gov/forms/. These forms include bracketed sections with instructions directing the filer to provide certain information. For example,

with respect to the legal grounds supporting the request to seal, the model form directs the filer to "[articulate the specific legal grounds (i.e. statute, case law or other authority) that supports the request]." *See* MOED-0069, Rule 13.05 Model Forms. Plaintiff failed to provide most of the information requested on the forms, including providing the legal bases for her request in her motion and memorandum in support. Plaintiff's non-compliance with the requirements of Local Rule 13.05 is fatal to her motion. In the future, any motion to seal that Plaintiff files must comply with Local Rule 13.05 and failing to do so may result in the motion's denial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to seal [ECF No. 37] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of June, 2026

4